The Honorable Bill McLean Prosecuting Attorney Thirteenth Judicial District 202 North Washington, #105 El Dorado, AR 71742
Dear Mr. McLean:
This is in response to Deputy Prosecuting Attorney Tom Wynne's request for an opinion on the following question:
 Whether or not the Cleveland County Quorum Court had legal authority to establish a separate county-wide municipal court system on February 3, 1977.
The establishment of municipal courts in Arkansas is governed by Ark. Stat. Ann. 22-701 — 22-769, Ark. Stat. Ann. 22-701 provides that:
 All cities having a population of 2,400 or more according to the last official United States Census and of cities that may hereafter attain a population of 2,400 or more and of counties, judicial districts of counties and townships within which are situated any of such cities, in county seat towns with population less than 2,400 shall be subject to the provisions of this Act; provided that any city having a population of 2,400 or more or any county seat town with less than 2,400 population not now having a municipal court may establish such court by passing an ordinance of the city council or other governing body of such city, creating and establishing court under the provisions of this Act.
The language of that statute is echoed and clarified in Ark. Stat. Ann. 22-755 which provides that:
 Any city of the first or second class or incorporated town which is located in a county that does not have an established municipal court on the effective date of this Act (March 7, 1973) may, upon adoption of an ordinance therefore by a majority vote of the membership of the governing body, establish a municipal court within such city or town. The judge of any such municipal court shall possess the same qualifications, shall be elected in the same manner and shall have the same powers, jurisdiction, functions and duties as is provided by law for other municipal judges. The judge of any court established pursuant to this Act (Sections 22-754 — 22-757) shall be entitled to receive such compensation as may be prescribed by the governing body of the city in which the court is established.
And, accord Arkansas Statutes Annotated 22-767, which provides that:
 Any city with the population of less than 2,400 persons according to any federal census and which have a municipal court in existence on the effective date (March 4, 1985) of this Act may create a municipal court under this act (Sections 22-767 through 22-769).
Ark. Stat. Ann. 22-709 and 22-768 give municipal courts county-wide jurisdiction. Specifically, Ark. Stat. Ann. 22-768 provides that:
 Municipal courts created under this act shall have county-wide jurisdiction, and shall otherwise have the same powers and jurisdiction as other municipal courts in this state.
It does not appear that any of the cited statutes providing for the establishment of municipal courts authorizes the county to establish a separate municipal court. The language of the establishment and creation sections of these statutes provide for cities and townships to create and establish municipal courts as opposed to counties as a governing body.
It is clear, however, that under Ark. Stat. Ann. 22-763.1 — 22-763.9 the State Legislature did in fact establish the Pulaski County Municipal Court, which is a separate and distinct municipal court from the Little Rock Municipal Court and other municipal courts that may exist in Pulaski County. However, Pulaski County appears to be a special case with the State Legislature. The language of the statutes do not provide for any county of the state to establish a separate and distinct county municipal court.
Article 7, Section 1 of our Constitution indicates that the "General Assembly may vest such jurisdiction as may be deemed necessary in municipal corporation courts." The Arkansas Supreme Court in Pulaski County Municipal Court v. Scott, 272 Ark. 115,612 S.W.2d 123 (1981) held that "Art. 7, 1, which empowers our General Assembly with the authority to create municipal corporation courts, includes the authority to create county municipal corporation courts." That ruling suggests that creation of such courts is reserved to the state legislature under Art. 7, 1 of our constitution, and may not be usurped by any other government entity.
It is my opinion that the Cleveland County Quorum Court did not have legal authority to establish a separate county-wide municipal court system on February 3, 1977 by passage of its Ordinance No. 9 on that date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jerome T. Kearney.